# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RELATE LLC,                         )
                                    )
                    Plaintiff,      )
vs.                                 ) Case No. 05-0176-CV-W-FJG
                                    )
CHRISTOPHER W. JONES, et al.,       )
                                    )
                    Defendants.     )

## ORDER

Pending before the Court are (1) Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 26); (2) Defendants' Motion to Reconsider, Amend, or Strike a Portion of This Court's Order of April 26, 2005 (Doc. No. 28); and (3) Defendants' Motion for Leave to File First Amended Answer to Plaintiff's Complaint with Counterclaims (Doc. No. 36). Each will be considered below.

**I.      Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 26)**

Plaintiff moves for an award of its attorneys' fees and costs incurred in the prosecution of its motion for temporary restraining order and preliminary injunction. On April 11, 2005, this Court held an evidentiary hearing on plaintiff's request for preliminary injunction, and on April 14, 2005, this Court entered an Order preliminary enjoining defendants from filing a DMCA Notice with plaintiff's internet service provider.

Plaintiff notes that Section 505 of the Copyright Act provides "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of costs." 17 U.S.C. § 505. To determine whether to award attorneys' fees, courts may consider the "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components

of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Mary Ellen Enterprises v. Camex, Inc., 68 F.3d 1065, 1072 (8th Cir. 1995). Plaintiff states that the facts of these case make "objectively unreasonable" defendants' assertions that (1) Chris Jones was vested with copyrights in the Job Lead Program; (2) Relate's use of that program infringed defendant's "rights"; and (3) Relate "somehow" owed Defendants 1/3 of its revenues as royalties for using its own program. Plaintiff further states that defendants' action in attempting to use the DMCA's provisions to shut down plaintiff's business has increased artificially and unnecessarily the expense to plaintiff in pursuing this lawsuit.

Defendants oppose plaintiff's motion, stating that plaintiff is not yet a "prevailing party" within the meaning of the Copyright Act. Defendants note that the Court has granted a preliminary injunction, but there has been no final determination on the myriad of issues in this case, such as (1) whether the Job Lead Program was written as a work for hire; (2) whether plaintiff has a copyright interest in the Job Lead Program used on the EPO website; and (3) whether there has been copyright infringement in this case.

Furthermore, defendants suggest that, even if plaintiff was determined to be a "prevailing party," the decision to award attorneys' fees and costs is discretionary. Defendants state that, notwithstanding plaintiff's protestations to the contrary, none of the factors supporting an award of attorneys' fees (such as frivolousness, objective unreasonableness, and need for deterrence) are present here; instead, defendants state that they have legitimate, reasonable disagreements with plaintiff on the issues presented in the preliminary injunction briefing and hearing.

Plaintiff replies that it is a prevailing party in that the Court has made a determination as to an issue under the Copyright Act: that there is a substantial likelihood plaintiff will be determined to be the owner of the Job Lead Service Program because that program was a work made for hire. See Doc. No. 25. Plaintiff also notes that several courts have

awarded attorneys' fees following the entry of a preliminary injunction. See, e.g., Chu Drua Cha v. Levine, 701 F.2d 750 (8th Cir. 1983) (holding that plaintiff was a "prevailing party" for purposes of preliminary injunctive relief, and that prevailing on a motion for preliminary injunction "represents a substantial measure of success, and the award of attorneys' fees for this phase of the case is appropriate").

The Court finds that plaintiff's motion for attorneys' fees is premature. See Howard B. Abrams, 2 The Law of Copyright § 17:45 (2004) ("[o]btaining a preliminary injunction does not make one a 'prevailing party' for purposes of an award of attorney's fees under section 505 because the action is not yet terminated and such an award would be premature"); RCA Records v. All-Fast Systems, Inc., 594 F.Supp. 335, 340 (S.D. N.Y. 1984) (same). Therefore, plaintiff's motion for attorneys' fees (Doc. No. 26) is **DENIED.**

## II. Defendants' Motion to Reconsider, Amend, or Strike a Portion of This Court's Order of April 26, 2005 (Doc. No. 28)

Defendants move the Court to reconsider, amend, or strike one sentence from the Court's April 14, 2005, Order granting plaintiff's motion for preliminary injunction (Doc. No. 25). The sentence in question is the last sentence on page 12 of the Court's Order, which states:

> For the same reason, it appears unlikely that defendant Christopher Jones would succeed in a challenge to plaintiff's DMCA notices filed against him because the weight of the evidence appears to support the plaintiff's argument that, to the extent defendant Christopher Jones is using the "job lead service" program on his websites, he is infringing upon plaintiff's copyright.

Defendants argue that plaintiff's motion for preliminary injunction did not raise the issue of whether defendant's Christopher Jones's website infringes any copyright interest that plaintiff may have, and therefore this statement is outside the scope of the evidence presented at the evidentiary hearing. Defendants state that this sentence is stray dicta,

3

Case 4:05-cv-00176-FJG   Document 50   Filed 08/08/05   Page 3 of 6

and that defendant Christopher Jones has been prejudiced by this statement in that plaintiff has quoted the stray dicta at least six times in correspondence to defendants.

Plaintiff states that there is no basis to amend the Court's April 14, 2005, Order because there is no misstatement of fact or law in the above-referenced sentence. Plaintiff argues that, by this sentence, the Court merely stated that the evidence supported a finding that defendants cannot prevent plaintiff from using the job lead service program, and conversely, plaintiff can prevent defendants from using it.

After considering the matter, the Court finds that the last sentence on page 12 of its April 14, 2005, Order (Doc. No. 25) should be amended as follows:

> For the same reason, it appears <u>unlikely</u> that defendant Christopher Jones would succeed in a challenge to plaintiff's DMCA notices filed against him because the weight of the evidence appears to support the plaintiff's argument that, to the extent defendant Christopher Jones is using the "job lead service" program on his websites, he may be infringing upon plaintiff's copyright.

By entry of this Order, the Court's Order dated April 14, 2005 shall be deemed to be amended as stated above. Therefore, insofar as defendants seek amendment of the Court's April 14, 2005, Order, Defendants' Motion (Doc. No. 28) is **GRANTED**.

### III. Defendants' Motion for Leave to File First Amended Answer to Plaintiff's Complaint with Counterclaims (Doc. No. 36)

Defendants request leave to file their first amended answer, with counterclaims. This proposed filing is attached to Doc. No. 36 as Exhibit 1. Defendants state that leave to amend is appropriate at this time because the alleged conduct giving rise to certain counts of the counterclaim occurred after the filing of the instant matter. Defendant further notes that the deadline for seeking leave to amend established by the Court's scheduling order has not yet passed. Defendant notes that, under Federal Rule of Civil Procedure 15(a), "[l]eave shall be freely given when justice so requires."

Plaintiff opposes defendants' motion for leave to amend, stating that "allowing Defendants to file the proposed counterclaims would, in fact, thwart justice, artificially increase the cost of this litigation, and violate the pleading requirements of Federal Rule of Civil Procedure 11." Plaintiff notes that defendants' proposed counterclaim asserts 188 factual allegations, taking up over 40 pages of the proposed counterclaim. Plaintiff asserts that several of these factual allegations are inconsistent with one another, and that other factual allegations are lacking in evidentiary support. Plaintiff also asserts that many of the factual allegations are irrelevant to the causes of action asserted, and therefore have no purpose other than to promote a needless increase in the cost of litigation. Plaintiff also believes that several of the counterclaims asserted by defendants are lacking in factual support. Plaintiff suggests that leave to amend should be denied as futile where a pleading is likely to be subject to Rule 11 sanctions on several grounds.

Defendants reply that plaintiff's allegations that the counterclaims would "thwart justice, artificially increase the cost of this litigation, and violate the pleading requirements of Federal Rule of Civil Procedure 11" are conclusory. Defendants note that discovery in this case does not close until October, and that no work will need to be re-done to accommodate the additional counterclaims. Further, to the extent that plaintiff complains about the length of defendants' counterclaims, defendants note that plaintiff's first amended complaint is thirty-two pages long, containing over 150 paragraphs and eleven counts.

Defendants also state that the proposed amended complaint does not violate Rule 11. Defendants state that "[s]imply because Plaintiff disagrees with Defendants about the facts does not mean that Defendants' counterclaims are without evidentiary support." Additionally, defendants note that, to the extent that the factual allegations are not entirely consistent, Federal Rule of Civil Procedure 8(e) provides that a party may set forth statements of a claim or defense in the alternative.

The Court finds that defendants have set forth sufficient bases for the filing of their

5

proposed amended answer and counterclaims. Based on the information before it, the Court cannot determine that the proposed counterclaims are futile. At this early stage in the proceedings, the Court is not in a position to determine whether defendants' allegations are without evidentiary support such that they would be in violation of Rule 11 of the Federal Rules of Civil Procedure. As provided in Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." For good cause shown, defendants' motion for leave to file first amended answer to plaintiff's complaint with counterclaims (Doc. No. 36) is **GRANTED.** Defendants shall file their first amended answer and counterclaims on or before **August 11, 2005**.

**IT IS SO ORDERED.**

Dated:  August 5, 2005  /s/Fernando J. Gaitan, Jr.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge