# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RELATE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-0176-CV-W-FJG |
| | ) |
| CHRISTOPHER W. JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Motion for Reconsideration of Denial of Motion to Strike and Motion for Leave to Exceed the Page Limits Set Forth in Local Rule 7.1 or, In the Alternative, to Accept for Filing Amended Motion to Strike (Doc. No. 69); and (2) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 74). Each will be considered below.

**I.     Plaintiff's Motion for Reconsideration of Denial of Motion to Strike and Motion for Leave to Exceed the Page Limits Set Forth in Local Rule 7.1 or, In the Alternative, to Accept for Filing Amended Motion to Strike (Doc. No. 69).**

This motion was prompted by the Court's denial of plaintiff's original motion to strike certain numbered paragraphs of defendants' counterclaims; the original motion was denied because it was <u>46 pages long</u>, in violation of Local Rule 7.1(f), and plaintiff had not sought leave of court prior to filing this non-conforming document. <u>See</u> Order dated Sept. 12, 2005, Doc. No. 68.

Plaintiff requests that the Court vacate its Order denying the Motion to Strike and accept for filing the proposed amended motion, or, in the alternative reinstate the motion to strike in the form it was filed on August 9, 2005, granting plaintiff leave to exceed the page limitation from Local Rule 7.1(f). Defendants respond that the Court should deny

plaintiff's motion because plaintiff has already presented the same arguments to the Court twice, and was denied both times. Plaintiff replies that its motion to strike defendants' improper pleading (in violation of Rule 8(a) and (e) of the Federal Rules of Civil Procedure) has not yet been considered on its merits. Plaintiff also notes in its reply that, although leave was granted for defendants to file an Amended Answer and Counterclaims, defendants not only filed their proposed Amended Answer and Counterclaims that was attached to their motion for leave to do so, but also (four days later) filed a Second Amended Answer and Counterclaims, for which leave was neither sought nor granted.

After reviewing the record, the Court finds that defendants' Second Amended Answer and Counterclaims (Doc. No. 53) should be **STRICKEN**, as leave to file same was neither sought nor granted. Because defendants' Second Amended Answer and Counterclaims is now stricken, Plaintiffs' motion for reconsideration (Doc. No. 69) is **DENIED AS MOOT.**

### B. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 74)

On September 21, 2005, plaintiff filed the pending motion for leave to file a second amended complaint. Plaintiff states that granting leave to file the second amended complaint will not prejudice defendants, in that they are already on notice of the issues contained in the second amended complaint. The proposed second amended complaint removes plaintiff's Lanham Act claim, removes all claims against defendant Trabon (with whom plaintiff has already filed a stipulated dismissal), and asserts one additional claim asserting a violation of Section 512(f) of the Copyright Act (a claim which arose after the original complaint was filed). Plaintiff states that the amendments will not affect the Court's

Scheduling Order (Doc. No. 73) as discovery does not close until November 30, 2005, and the remaining deadlines in the Court's scheduling order will not be affected by the proposed amendments.

Defendants point out that the Court's Scheduling and Trial Order (Doc. No. 73) provides that any motions to amend pleadings shall be filed no later than July 1, 2005. Defendants state that while they do not object to plaintiff amending its complaint to remove its Lanham Act claims or the claims against Trabon, they do object to leave being granted to file the claim under Section 512(f) of the Copyright Act. Defendants state that, although this claim arose after the filing of the present lawsuit, it arose <u>before</u> the deadline for motions to amend pleadings as established by the scheduling order. Defendants note that plaintiff has not provided any explanation for why plaintiff failed to file a timely motion for leave to amend, "much less the requisite showing of inadvertence and excusable neglect."

In its reply, plaintiff reiterates that its proposed second amended complaint only seeks to conform the allegations with plaintiff's existing claims and "the addition of a single cause of action based on factual allegations previously set forth in Relate's Complaint and for which defendants have been on notice since shortly after this lawsuit was initiated." Plaintiff also "acknowledges it previously should have filed the amendments now sought and apologizes to the Court for having not done so. That it did not do so, however, is solely a result of excusable oversight by Relate's counsel, for which Relate should not be punished." Plaintiff notes that defendants do not argue that they would be unduly prejudiced if plaintiff is allowed to file its proposed second amended complaint.

After considering the points raised by the parties, the Court finds that plaintiff's proposed second amended complaint is primarily a "cleaning-up" of the first amended

complaint, with only the Section 512(f) claim being new material. There is no demonstration that defendants would be prejudiced by the addition of this claim to the lawsuit; defendants should have been aware of the Section 512(f) claim long ago because it appears to be based on the facts that were the subject of the preliminary injunction hearing held on April 11, 2005. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). For good cause shown, it is hereby **ORDERED** that plaintiff's motion for leave to file its second amended complaint (Doc. No. 74) is **GRANTED**. Plaintiff is directed to electronically file the Amended Complaint attached to Doc. No. 74 on or before **November 18, 2005.**

      **IT IS SO ORDERED.**


Dated:  November 15, 2005          /s/Fernando J. Gaitan, Jr.
Kansas City, Missouri             Fernando J.  Gaitan, Jr.
                                    United States District Judge